UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carleen Wilson,<br><br>          Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi,<br>Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. 20-cv-01216 (SRN/LIB)<br><br><br><br>**ORDER** |

David F. Chermol, Chermol & Fishman LLC, 11450 Bustleton Avenue, Philadelphia, PA 19116; and Edward C. Olson, Disability Attorneys of Minnesota, 331 2nd Avenue S. #890, Minneapolis, MN 55401, for Plaintiff.

Chris Carillo, Social Security Administration, Office of the General Counsel, 1301 Young Street, Dallas, TX 75202; and Elvi Jenkins, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Carleen Wilson's Motion for Attorney Fees [Doc. No. 39]. For the reasons set forth below, Ms. Wilson's Motion is granted.

**I.   BACKGROUND**

Ms. Wilson applied for Social Security Disability Benefits in May 2018. (SSA R. ("R.") [Doc. No. 19] at 11, 373–74.) The Commissioner denied her claim first in September 2018 and denied it again upon reconsideration in January 2019. (*Id.* at 11.) Ms. Wilson then requested a hearing before an Administrative Law Judge ("ALJ"), who concluded that she was not disabled within the meaning of the Social Security Act and denied her claim

1

for benefits. (*Id.* at 9–21.) The Appeals Council denied Ms. Wilson's request for review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 1–7.)

Ms. Wilson then filed this action seeking judicial review of the Commissioner's denial. (*See* Compl. [Doc. No. 1].) Both she and the Commissioner moved for summary judgment. (Pl.'s Mot. for Summ. J. [Doc. No. 20]; Def.'s Mot. for Summ. J. [Doc. No. 23].) On January 30, 2022, United States Magistrate Judge Leo I. Brisbois recommended granting Ms. Wilson's Motion, denying the Commissioner's Motion, and remanding the case to the Social Security Administration ("SSA"). (Jan. 30, 2022 R&R [Doc. No. 26] at 16.) This Court adopted Judge Brisbois' Report and Recommendation in full and remanded the case to the SSA. (Feb. 9, 2022 Order [Doc. No. 28].)

The Court's remand entitled Ms. Wilson to the award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which she duly requested. [Doc. No. 32.] The Court awarded EAJA fees in the amount of $7,600. (May 12, 2022 Order [Doc. No. 38].)

On remand, the SSA awarded Ms. Wilson past-due disability benefits totaling $92,059.92,[1] twenty-five percent of which, or $23,014.98, was withheld by the Agency as a representative's fee. (Notice of Award [Doc. No. 40] at 5.) Ms. Wilson now moves both

---

[1] The Notice of Award does not specify the total past-due benefits awarded, instead stating that Ms. Wilson's first payment will be $69,044.20 and that the fees withheld were $23,014.98. (*Id.* at 1, 5.) The sum of these amounts is $92,059.18. However, $23,014.98 is twenty-five percent of $92,059.92.

As the Commissioner does not address the sum total of the award, the Court assumes that this seventy-four cent discrepancy is a rounding error and that Ms. Wilson was awarded $92,059.92 in benefits. Regardless, only the withheld amount is material to the Court's analysis.

for the award of $23,014.98 to her counsel and for the refund of the $7,600 in previously awarded EAJA fees. (Pl.'s Mem. [Doc. No. 42] at 1.) In support of her Motion, Ms. Wilson submitted the SSA's Notice of Award, her contingent-fee agreement with counsel, and counsel's attestation of his time spent on the case. (*See* Notice of Award; Notice of Award, Ex. A (Fee Agreement); Notice of Award, Ex. B (Time Log).)

The Commissioner does not oppose Ms. Wilson's Motion but emphasizes that § 406(b) fees may only be awarded for work before a federal court and that counsel's EAJA fees must be refunded to Plaintiff. (Def.'s Resp. [Doc. No. 44] at 4.)

## II.   DISCUSSION

The Social Security Act provides that counsel for successful claimants of past-due Social Security benefits may be awarded a "reasonable fee" for representing their clients in court. 42 U.S.C. § 406(b)(1)(A) ("[T]he court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled."). Contingent-fee arrangements between a claimant and her counsel are generally permitted. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) ("Given the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements."). Nonetheless, courts serve as an "independent check" on contingent-fee arrangements' reasonableness. *Id.* at 807.

The reasonableness of a fee agreement depends on the character and results of counsel's representation. *Id.* at 808. The court may reduce its award to counsel, fee

agreement notwithstanding, if an attorney is responsible for delays in litigation or if the claimant's past-due benefits are disproportionately great compared to counsel's time expended. *Id.* To aid in its reasonableness assessment, the court may consider records of counsel's time spent on the representation, as well as the attorney's normal noncontingent-fee billing rate. *Id.*

As an initial matter, Ms. Wilson's claim in federal court was successful, as the SSA awarded past-due disability benefits in the amount of $92,059.92, (*see generally* Notice of Award), so counsel may be entitled to an award under Section 406(b). Ms. Wilson's contingent-fee agreement with her attorney sets the fee for a favorable outcome at twenty-five percent, (Fee Agreement at 1), which does not exceed the Social Security Act's twenty-five percent ceiling. *See* 42 U.S.C. § 406(b)(1)(A).

The Court finds that the agreed-upon fee award is reasonable based on the quality and complexity of the representation. In preparing Ms. Wilson's appeal, counsel reviewed a record over 1000 pages long. (Time Log at 3.) He assumed risk in doing so, since a successful outcome was not guaranteed. And counsel did not cause any delays in the proceedings that allowed additional disability benefits to accrue.

Moreover, awarding the requested fees would not deliver to counsel a windfall disproportionate to his time expended. In similar cases, courts in this District have, pursuant to contingent-fee agreements, awarded Section 406(b) attorney's fees yielding effective hourly rates at least as high as $1,229.63. *Jody A. E. v. Saul*, No. 16-cv-969 (MJD/BRT), 2019 U.S. Dist. LEXIS 173639, at *5 (D. Minn. Oct. 7, 2019); *see also, e.g.*, *Mary F. v. Saul*, No. 20-cv-111 (DSD/KMM), 2021 U.S. Dist. LEXIS 249859, at *6 (D.

4

Minn. Dec. 21, 2021) (approving as reasonable a contingent-fee agreement resulting in an hourly rate of $970.65); *Miller v. Kijakazi*, No. 19-cv-2842 (JRT/TNL), 2021 U.S. Dist. LEXIS 216547, at *5 (D. Minn. Nov. 9, 2021) (approving $741.71 hourly rate).

Here, Ms. Wilson's counsel attests to spending 43.3 hours between May 2020 and May 2022 reviewing her case and litigating her appeal before the District Court. (Time Log at 2–3.) Even using an expended time of 40.0 hours, as counsel did in Ms. Wilson's EAJA petition, (Time Log at 4), the requested fee award of $23,014.98 would yield an hourly rate of $575.37. That rate is, in fact, less than counsel's ordinary rate for noncontingent-fee work, $595 per hour. (Pl.'s Mot. at 5.) It is also well within the range of effective hourly rates that courts in this District have deemed reasonable. Considering Ms. Wilson's contingent-fee arrangement, counsel's successful representation, the effective hourly rate, and Section 406(b)'s requirements, the Court finds that the requested award of $23,014.98 is reasonable.

Finally, when counsel collects fee awards for the same work under both EAJA and Section 406(b), the attorney must "refund[] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186). Counsel's EAJA fee is smaller than that under Section 406(b), so Ms. Wilson is entitled to a refund of the $7,600 previously awarded.

## III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

  1. Ms. Wilson's Motion for Attorney Fees [Doc. No. 39] is **GRANTED**;

5

2. Ms. Wilson's counsel is awarded $23,014.98 in fees; and

3. Ms. Wilson's counsel must refund to Ms. Wilson $7,600 in previously awarded EAJA fees.

Dated: June 8, 2023

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge